UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| EUGENE BOSTON, JR., )<br>)<br>Movant, )<br>)<br>VS. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>)<br>) | Cause No. SA-07-CA-0591-XR<br>[SA-04-CR-459-XR] |

**ORDER**

On this date, the Court considered the Memorandum and Recommendation filed by the Magistrate Judge (Docket No. 86), and Movant's objections thereto (Docket No. 90), concerning Movant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Docket No. 79). Where the Memorandum and Recommendation has been objected to, the Court reviews the Magistrate Judge's recommended disposition *de novo* pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1). After careful consideration, the Court will accept the Magistrate Judge's recommendation to deny the motion to vacate.

**I. Factual and Procedural Background**

According to evidence presented at trial, in late July 2004, Investigator Paul Battaglia ("Battaglia") of the Regional Narcotics Task Force San Antonio ("RNTF") began investigating Movant Eugene Boston Jr. ("Movant") following information supplied to RNTF by an informant. (Docket No. 84, at 3). During the investigation, Battaglia learned Movant's name and place of

1

residence at 3719 Charles Conrad, Kirby, Texas in the Western District of Texas. (*Id.*). Battaglia also learned that Movant had pending arrest warrants from the San Antonio Municipal Courts for traffic violations. (*Id.*).

On August 3, 2004, Battaglia and other RNTF officers conducted surveillance on the apartment at the Charles Conrad location. (Docket No. 84, at 3). Movant and his girlfriend, Norma Buckley, were seen leaving the premises. (*Id.*). They walked over to a maroon Oldsmobile Cutlass belonging to Buckley, where Movant was observed "working on something under the hood" for about five minutes before the Movant and Buckley entered the vehicle and left the apartment complex. (*Id.*, at 4).

The vehicle was subsequently stopped by law enforcement officers traveling in a marked police vehicle, and the officers placed Movant under arrest as a result of the outstanding warrants. (Docket No. 84, at 4). RNTF officers brought in a narcotics-detecting dog to inspect the vehicle, but the dog did not indicate the presence of narcotics. (*Id.*). However, the officers also conducted their own search of the vehicle, and Battaglia observed that part of a trim piece for the dashboard vent had been put in the back window deck. (*Id.*). He also saw marijuana residue in the vehicle and a fine bladed screwdriver in the center console. (*Id.*). Using the screwdriver, Battaglia "pried the face place of the vent loose" and found three baggies containing approximately twenty-five grams of crack cocaine. (*Id.*).

Following Movant's arrest, RNTF investigators obtained a search warrant and executed a search on the Charles Conrad apartment. (Docket No. 84, at 5). The search produced a number of items indicating that persons used the apartment as a place to turn cocaine powder into cocaine base ("crack"), including a large box of baking soda and an electronic scale, dishes, and a microwave

oven, all of which were found to contain cocaine residue. (*Id.*). In addition, officers found and seized various documents from the apartment, including Movant's driver's license and a patient referral with Movant's name on it. (*Id.*).

On September 1, 2004, Movant was charged by grand jury indictment with two offenses: Possession with Intent to Distribute in Excess of Five Grams but Less Than Fifty Grams of Crack in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) [Count One], and Possession of a Controlled Substance, which Offense Involved in Excess of Five Grams of Crack, in violation of 21 U.S.C. § 844(a) [Count Two]. (Docket No. 84, at 1). Prior to trial, the government filed an Information pursuant to 21 U.S.C. § 851 alleging that Movant had two previous felony drug convictions. (*Id.*). These previous convictions increased the possible punishment range for Count One to a minimum mandatory ten years to life imprisonment under 21 U.S.C. § 841(b)(1)(B). (*Id.*, at 1-2).

Movant declined to accept a "very favorable" plea agreement, and the case proceeded to trial in April 2005. (Docket No. 84, Exhibit 2, at 2). Movant called several witnesses to testify on his behalf at trial, including his father, Eugene Boston Sr., and Buckley. (*Id.*, at 5-6). Buckley testified that she lent the vehicle in which the crack was found to other people on several occasions and allowed others to stay at the Charles Conrad apartment. (*Id.*, at 6-7). Additionally, she testified that she did not know that the Charles Conrad apartment was being used to manufacture crack. (*Id.*, at 7).

On April 27, 2005, following a two-day jury trial, Movant was found guilty of both counts. (*Id.*, at 2). The jury also found that the amount of crack was 21.23 grams as to Count One and 23.23 grams as to Count Two. (*Id.*). Based upon these amounts and Movant's prior criminal history, the United States Probation Office recommended in its Presentence Investigation Report (PSR) that

Movant's Sentencing Guidelines range be 130 to 162 months. (*Id.*). Noting that the Sentencing Guidelines were advisory under *United States v. Booker*, the Court downward departed from the recommendation in the PSR pursuant to 18 U.S.C. § 3553(a) and sentenced Movant to concurrent terms of 120 months in prison on each count, eight years supervised release, and a special assessment of $200. (*Id.*).

Following his conviction, Movant appealed to the Fifth Circuit Court of Appeals, raising three separate grounds: (1) insufficient evidence of intent to distribute, (2) violation of the constitutional prohibition against double jeopardy because Count Two was a lesser-included offense of Count One, and (3) possible unconstitutionality of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (Docket No. 84, at 2). On June 22, 2006, the Fifth Circuit issued an opinion vacating Movant's sentence as to the second ground of appeal and affirming the District Court ruling as to the other two grounds. *United States v. Boston*, No. 05-51065, 2006 WL 1735625, at *2 (5th Cir. 2006) (per curiam) (unpublished). However, the Fifth Circuit also found that the double jeopardy error did not affect the length of Movant's sentence since 120 months was the statutory minimum for Count One. *Id.* Movant appealed the Fifth Circuit's ruling to the Supreme Court, which denied *certiorari* on October 30, 2006. *Boston v. United States*, 127 S.Ct. 528 (2006).

On July 6, 2007, Movant filed this motion under 28 U.S.C. § 2255 to have his sentence vacated. (Docket No. 79, at 2). Movant claimed that his Sixth Amendment rights were violated by ineffective assistance of counsel because his court-appointed trial attorney failed to adequately investigate Movant's mental conditions, the possibility that he was mentally incompetent to stand trial, and any possible insanity defense he might have. (*Id.*, at 5). Movant also claimed that the government did not meet its burden of proof at trial to establish that the substance in question was

crack rather than some other form of cocaine, and that his attorney's failure to object to this either at the trial or appellate level amounted to ineffective assistance of counsel. (*Id.*, at 6). Finally, Movant claimed that there was insufficient evidence at trial that he had intended to distribute the cocaine, and his attorney's failure to object to this lack of evidence amounted to ineffective assistance of counsel. (*Id.*, at 8).

In its response to Movant's motion, the government contended that Movant may not raise claims based on sufficiency of the evidence in a habeas corpus proceeding, and that allegations of ineffective assistance of counsel based on failure to object to insufficient evidence are actually evidentiary claims, which must be raised on direct appeal, rather than ineffective assistance of counsel claims that may be brought on habeas appeal. (Docket No. 84, at 14-16). The government further contended that Movant's assertions regarding possible incompetency to stand trial are insufficient to support a habeas claim for ineffective assistance of counsel. (*Id.*, at 8).

## II. Recommendation of the Magistrate Judge

Magistrate Judge John W. Primomo ("Magistrate Judge Primomo") considered Movant's motion to vacate his sentence (Docket No. 79) and the government's response (Docket No. 84). On January 8, 2008, Magistrate Judge Primomo issued a Memorandum and Recommendation to the Court (Docket No. 86), in which he concluded that to the extent that any claims Movant made were based on sufficiency of the evidence, either of the nature of the substance as "crack" or of intent to distribute, those claims were procedurally barred because they are a matter for direct appeal, not habeas. (*Id.*, at 9-11).

Referring to Movant's claim that his attorney should have objected to the sufficiency of the evidence that the substance was crack, Magistrate Judge Primomo notes that Movant "cites no

5

evidence . . . that the substance was not crack" and that Dennis Ramsey ("Ramsey"), an expert with the Texas Department of Public Safety, testified that the substance was cocaine. (Docket No. 86, at 10). According to Magistrate Judge Primomo, there was enough evidence to support the conclusion that the attorney's decision not to challenge the sufficiency of the evidence was reasonable. (*Id.*). Regarding the argument that the attorney rendered ineffective assistance by not objecting to the sufficiency of the evidence of intent to distribute, Magistrate Judge Primomo notes that a specific objection on this ground was made on direct appeal and found to be meritless by the Fifth Circuit. (*Id.*, at 10-11). In both cases, Magistrate Judge Primomo concludes that Movant does not have a valid claim for ineffective assistance of counsel based on these purported "errors." (*Id.*).

Magistrate Judge Primomo also examined Movant's argument that failure to investigate Movant's mental competence gives rise to an ineffective assistance of counsel claim. (Docket No. 86, at 3-4). Applying the standard as articulated in *Strickland v. Washington*, Magistrate Judge Primomo noted that in order to prevail on a claim of ineffective assistance of counsel, a Movant must demonstrate both that his counsel was deficient and that the deficiency prejudiced his defense. (*Id.*, at 3). Magistrate Judge Primomo concluded that the grounds raised by Movant in asserting an ineffective assistance of counsel claim regarding Movant's possible mental illness were overly conclusory and contrary to a sworn statement from Movant's trial counsel stating that he did not further investigate Movant's mental condition because he had no reason to believe that Movant was either mentally incompetent or legally insane. (*Id.*, at 6-7). Magistrate Judge Primomo concluded that Movant meets neither prong of the *Strickland* test, and Movant's claim for ineffective assistance of counsel in this regard fails. (*Id.*, at 8). Finding a lack of evidentiary support for Movant's claims of ineffective assistance of counsel, Magistrate Judge Primomo recommended that Movant's motion

on this basis be denied. (*Id.*, at 11).

Movant objects to the Magistrate Judge's Memorandum and Recommendation, arguing that the Magistrate Judge erred in finding that trial counsel's actions did not prejudice him. (Docket No. 90, at 2-3). Additionally, Movant argues that because counsel provided ineffective assistance by failing to raise a proper objection on direct appeal regarding whether the substance at issue was crack, this error constitutes cause to excuse Movant's procedural default and allow him to bring the claims in this forum. (*Id.*, at 8-9). Finally, Movant concedes that the issue of sufficiency of the evidence of intent to distribute had been brought on direct appeal and therefore was waived. (*Id.*, at 11).

### III. Analysis

A prisoner held in federal custody may file for a writ of habeas corpus to have his sentence vacated, set aside, or corrected if his sentence was imposed contrary to the Constitution or laws of the United States. 28 U.S.C. § 2255(a). In this case, Movant argues that his Sixth Amendment rights were violated due to ineffective assistance of counsel. (Docket No. 79).

A motion to vacate sentence under § 2255 is not a substitute for direct appeal. *United States v. Acklen*, 47 F.3d 739, 741 (5th Cir. 1995). Issues raised and disposed of in a previous appeal from an original judgment of conviction may not be reexamined in § 2255 actions. *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986). A Movant may not raise an issue for the first time on collateral review unless he can show both "cause" for his procedural default and "actual prejudice" resulting from the error. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). Ineffective assistance of counsel is sufficient to show both cause and prejudice and can excuse procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Tucker v. Johnson*, 242 F.3d 617, 627

(5th Cir. 2001).

## Sufficiency of the Evidence–Intent to Distribute

As stated above, Movant concedes that his counsel raised on direct appeal the issue of insufficiency of the evidence that Movant intended to distribute the substance. (Docket No. 90, at 11). Affirming the District Court ruling, the Fifth Circuit found the evidence to be sufficient to establish intent to distribute. *Boston*, 2006 WL 1735625, at *2. Movant waived this claim (Docket No. 90, at 11). When a petitioner waives a claim, any determination on the merits of that claim from a Magistrate Judge's recommendation is reviewed under a "clearly erroneous" standard. *See Rohde v. K. O. Steel Castings, Inc.*, 649 F.2d 317, 320 (5th Cir. 1981). In this case, Magistrate Judge Primomo's recommendation that this claim should be denied is not clearly erroneous.

## Sufficiency of the Evidence–Crack

Movant argues that the failure of his trial and appellate counsel to object to the sufficiency of the evidence that the substance was actually crack constitutes ineffective assistance of counsel. Movant argues that his attorney's tactical decision not to raise this issue on appeal is ineffective assistance of counsel sufficient to constitute cause. (Docket No. 80, at 8-9). As the Magistrate Judge found, to the extent that this argument is an attack on the sufficiency of the evidence itself, it must fail for failure to raise it on direct appeal. However, the claim can be evaluated for ineffective assistance of counsel for failure to object to the sufficiency of the evidence given the lack of lab test results definitively proving that the substance was crack.

As long as it can be shown that counsel's performance falls within a "wide range of reasonable professional assistance," such performance will not be found to be ineffective. *Strickland v. Washington*, 466 U.S. 668, 689-91 (1984). The identification of a controlled substance can be

8

established by circumstantial evidence, including the testimony of lay witnesses with experience with the substance, "so long as the drug's identity is established beyond a reasonable doubt." *United States v. Osgood*, 794 F.2d 1087, 1095 (5th Cir. 1986) (quoting *United States v. Harrell*, 737 F.2d 971, 978 (11th Cir. 1984), *cert. denied*, 469 U.S. 1164; *United States v. Crisp*, 563 F.2d 1242, 1244 (5th Cir. 1977)). Specific scientific identification evidence is not required. *United States v. McCuksey*, 9 F.3d 368, 380 (5th Cir. 1993). In this case, the combination of the testimony from Ramsey and the circumstantial evidence indicating crack manufacturing in the apartment is sufficient evidence for a jury to determine that the substance was crack. Therefore, counsel was entitled to decide whether a challenge to the sufficiency of this evidence would benefit his client. Movant has not brought forth any evidence to show that his counsel's performance was anything other than a strategic decision not to pursue an argument that was unlikely to succeed.

### Investigation of Mental Condition

Movant further argues that trial counsel's failure to adequately investigate his mental condition demonstrates ineffective assistance of counsel. As previously stated, the *Strickland* standard for ineffective assistance of counsel requires the Movant to prove both that his counsel was deficient and that the deficiency prejudiced his defense. *Strickland*, 466 U.S. at 687. To establish that counsel's performance was constitutionally deficient, a convicted defendant carries the burden of proof and must overcome the strong presumption that counsel acted within the range of reasonable professional conduct. *Id.* at 689-91. In order to prove prejudice, the Movant must establish that counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). The mere possibility of a different outcome is not sufficient to prove prejudice. *Johnson v. Cockrell*, 301 F.3d 234, 239 (5th

Cir. 2002).

Movant argues specifically that counsel did not properly investigate his mental condition and any possible effects the condition would have had on Movant's ability to stand trial or on a possible insanity defense. (Docket No. 79, at 5). Counsel has a duty to make a reasonable investigation of a defendant's case or to make a reasonable decision that a particular investigation is unnecessary. *Strickland*, 466 U.S. at 691. As support for a claim of inadequate investigation, the Movant must specify what the additional investigation would have revealed and why the additional evidence would have made a difference at trial. *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005). Brief and conclusory allegations that counsel's representation was deficient because of failure to investigate and develop useful evidence are insufficient. *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994).

### Mental Capacity at Time of Trial

Movant argues that had his attorney investigated further, he would have discovered that Movant was mentally incompetent to stand trial. It is unconstitutional to try and convict a defendant who is mentally incompetent to stand trial. *See Pate v. Robinson*, 383 U.S. 375, 378 (1966). In determining whether a defendant is mentally competent to stand trial, it must be determined whether the defendant has sufficient present ability to consult with his lawyer in preparing a defense and whether the defendant has a rational and factual understanding of the proceedings against him. *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam). In determining whether there is sufficient evidence to require an evaluation of mental competency, the Fifth Circuit has focused on three factors: existence of a history of irrational behavior, defendant's demeanor at trial, and prior medical opinions. *United States v. Williams*, 819 F.2d 605, 608 (5th Cir. 1987).

In this case, the only evidence regarding Movant's mental competence at the time of trial is the statement provided by John R. Carter ("Carter"), Movant's defense attorney at trial. (Docket No. 84, Exhibit 2). In his statement, Carter states that he had some concerns about Movant's mental competence upon first meeting him, but subsequent discussions with Movant convinced Carter that he was mentally competent. (*Id.*). According to Carter, "[Movant] was able to explain his defense to me, direct me to witnesses, and even directed me to procure a very favorable plea agreement which he rejected." (*Id.*). Movant has brought forth medical statements from the Federal Bureau of Prisons indicating that when Movant came to its facility, he had a history of treatment for Attention Deficit Disorder, Bipolar, and paranoid schizophrenia. (Docket No. 79, at 60). Although this is evidence of a history of mental illness, it does not demonstrate that Movant was mentally incompetent at the time of trial. Movant has not provided sufficient evidence either that he was mentally incompetent at the time of trial or that a further investigation into his mental health history would have led a reasonable attorney to a different conclusion.

### Mental Capacity at Time of Crime

When a defendant asserts the affirmative defense of insanity, the ultimate issue is whether the defendant appreciated the nature and quality or the wrongfulness of his acts at the time the crime was committed. *United States v. Levine*, 80 F.3d 129, 134 (5th Cir. 1996). Carter stated under penalty of perjury that he did not pursue an insanity defense because he saw no reason to believe Movant was unable to appreciate the nature or wrongfulness of his actions. (Docket No. 84, Exhibit 2). Nothing in the testimony of any witnesses indicated that, at the time of Movant's arrest, he was unable to appreciate the nature or wrongfulness of his actions. Carter was under no obligation to pursue an insanity defense that had little chance of success.

Movant argues that evidence of his mental history, including paperwork found at the Charles Conrad apartment indicating that he was being treated for mental health issues, was enough to mandate an investigation by Carter, including an evaluation by a mental health professional. (Docket No. 79, at 5). However, the mere existence of a mental illness does not necessarily render a defendant legally incompetent to stand trial. *Bouchillon v. Collins*, 907 F.2d 589, 593 (5th Cir. 1990). History of mental illness alone is insufficient to warrant a mental health evaluation. *Id.* A petitioner must demonstrate a "reasonable probability" that he was incompetent "sufficient to undermine confidence in the outcome." *Id.* at 595 (quoting *Strickland*, 466 U.S. at 694).

Movant has failed to present evidence of mental incompetence or insanity beyond mere conclusory statements and speculation. Additionally, evidence from the attorney stating that Movant was able to assist in his defense in a significant manner undermines Movant's claim that he was incompetent such that he failed to understand the proceedings taking place. In *Bouchillon*, the court found that failure to investigate the defendant's mental condition amounted to ineffective assistance of counsel; however, that case is easily distinguishable from the matter before the Court. *See generally Bouchillon*, 907 F.2d 589. In *Bouchillon*, court-appointed counsel in a state criminal proceeding failed to investigate defendant's mental conditions despite the fact that lack of mental capacity was the defendant's sole defense to the charges and the defendant had been committed to a mental institution. *Id.* In this case, lack of mental competence was not Movant's sole defense at trial. *See Bouchillon*, 907 F.2d at 596. Movant also had a number of evidentiary challenges at his disposal, and the record indicates that Movant chose to persist in his claim of innocence without any evidence that he somehow failed to comprehend the proceedings against him. Taken together with statements made to Carter that medication was able to control Movant's condition (Docket No. 84,

12

Exhibit 2), the circumstances of this case did not require Carter to undertake a more detailed investigation into Movant's mental condition. Movant fails to establish that counsel erred in not further investigating his mental condition or that his defense was prejudiced by lack of investigation. Therefore, Movant does not establish a violation of his Sixth Amendment rights so as to merit habeas relief.

## Conclusion

For the foregoing reasons, the recommendation of the Magistrate Judge (Docket No. 86) is accepted. Movant Eugene Boston Jr.'s motion to vacate sentence (Docket No. 79) is DENIED. Judgment is to be entered on behalf of Respondent.

It is so ORDERED.

SIGNED this 8th day of July, 2008.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE